Carter, a.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NYC BUS TOUR ANTITRUST LITIGATION | Master Case File No. 13-CV-0711 (ALC)(GWG) **RELATED TO ALL CASES** ECF Case **JURY TRIAL DEMANDED** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/16/14

[PROPOSED] ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT

WHEREAS, Class Plaintiffs' Counsel (as defined in the Settlement Agreement, dated April 30, 2014 ("Agreement")) have applied for an order preliminarily approving the terms and conditions of the Settlement with defendants Twin America, LLC, Coach USA, Inc., International Bus Services, Inc., CitySights LLC and City Sights Twin, LLC ("Defendants"), as set forth in the Agreement, together with the Exhibits annexed thereto;

WHEREAS, the Settlement requires, among other things, that all Released Claims against Releasees be settled and compromised;

WHEREAS, this application is uncontested by Defendants; and

WHEREAS, this Court having considered the Agreement and Exhibits annexed thereto, Class Plaintiffs' Motion for Preliminary Approval of the Settlement and all papers filed in support of such motion;

NOW, THEREFORE, pursuant to the Federal Rule of Civil Procedure 23, it is hereby ORDERED that:

1. The capitalized terms used herein shall have the meanings set forth in the Agreement.

2. The Court preliminarily approves the Settlement as set forth in the Agreement, including the releases contained therein, as being fair, reasonable and adequate to the Class, subject to the right of any Class Member to challenge the fairness, reasonableness or adequacy of the Agreement and to show cause, if any exists, why a final judgment dismissing the Action against Defendants, and ordering the release of the Released Claims against Releasees, should not be entered after due and adequate notice to the Class as set forth in the Agreement and after a hearing on final approval.

3. The Court finds that the Agreement was entered into at arm's length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Agreement should be given as provided in the Agreement.

4. The Court finds that the proposed distribution plan is sufficiently fair and reasonable that notice of the distribution plan should be given as provided in the Notice.

5. The Court conditionally certifies the Class (set forth herein) for purposes of the Settlement as to Defendants:

> All persons who, or entities that, purchased Defendants' "hop-on, hop-off" bus tours in New York City from February 1, 2009, until the date of the Preliminary Approval Order (the "Class Period"). Excluded from the Class are Defendants, their present and former parents, subsidiaries, affiliates, and employees.

6. The Court finds that the certification of the Class for purposes of the Settlement as to Defendants is warranted in light of the Settlement because: (i) the Class is so numerous that joinder is impracticable; (ii) Class Plaintiffs' claims present common issues that are typical of the Class; (iii) Class Plaintiffs and Class Plaintiffs' Counsel will fairly and adequately represent the

Class; and (iv) common issues predominate over any individual issues affecting the Class Members. The Court further finds that Class Plaintiffs' interests are aligned with the interests of all other Class Members. The Court also finds that resolution of this action on a class basis for purposes of the Settlement as to Defendants is superior to other means of resolution.

7.  The Court hereby appoints Class Plaintiffs' Counsel as counsel to the Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8.  Class Plaintiffs Natasha Bhandari and Tracey L. Nobel will serve as representatives of the Class for purposes of the Settlement.

9.  The Court appoints Rust Consulting, a competent firm, as the Claims Administrator. The Claims Administrator shall be responsible for receiving requests for exclusion from the Class Members.

10. As of the date hereof, all proceedings in the action as to Defendants shall be stayed and suspended until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

11. All protective orders in force as of the date of this Order are hereby amended to apply to all materials and information provided by Defendants in connection with the Settlement (including but not limited to information with respect to the potential or actual Class Members).

12. The Court approves the proposed notice program, including the Forms of Notice, and also approves the Claim Form, attached as exhibits to the Declaration of Shannon R. Wheatman, Ph.D. ("Wheatman Declaration").

13. The Court finds that the manner of distribution of the Notice set forth in the Wheatman Declaration constitutes the best practicable notice under the circumstances as well as

valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.

14. Upon entry of the Preliminary Approval Order, Class Counsel shall begin implementation of the notice program as outlined in the Wheatman Declaration. Additionally, the Notice shall be published in accord with the Wheatman Declaration (including but not limited to the means of publication) in the same form as referenced above. Class Counsel shall also provide a copy of the Notice to all persons who request it and shall post a copy of the Notice on the Internet at the address identified in the Notice.

15. At least ten (10) calendar days before the objection deadline, Class Counsel shall cause to be filed with the Clerk of this Court an affidavit or declaration of the person under whose general direction the mailing of the Notice was made, showing that mailing was made in accordance with this Order.

16. Any member of the Settlement Class may request to be excluded from the Class. To be effective, written notice must be postmarked as set forth in the Notice (by September 5, 2014), which is 45 days prior to the final fairness hearing, and must otherwise comply with the requirements set forth in the Notice. Any member of the Settlement Class who does not timely seek exclusion from the Class and who wishes to object to the terms of the relevant Proposed Settlement must do so in writing, must mail or deliver copies of such objection to Counsel for the Settling Parties and the Clerk of the Court (by September 5, 2014), which is 45 days prior to the final fairness hearing ("objection deadline"), and must otherwise comply with the requirements set forth in the Notice.

17. The Court hereby schedules a hearing to occur on October 20th 2014, at 10:00 a.m. before the Honorable Andrew L. Carter Jr. in United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square New York, NY 10007 to determine whether (i) the proposed Settlement as set forth in the Agreement, should be finally approved as fair, reasonable and adequate pursuant to the Federal Rule of Civil Procedure 23; (ii) an order approving the Agreement and a Final Judgment should be entered; (iii) an order approving a proposed distribution plan should be approved; and (iv) the application of Class Plaintiffs' Counsel for an award of attorneys' fees, incentive awards, and expenses ("Fee Request") in this matter should be approved. All papers in support of any Fee Request, all papers in support of the proposed distribution plan, and all papers in support of final approval of the Settlement, shall be filed no later than (20) days before the objection deadline. No later than seven (7) days before the final fairness hearing, all relevant reply papers shall be filed and served by the parties to the action.

18. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence (i) of the validity of any claims, alleged wrongdoing or liability of Defendants or (ii) of any fault or omission of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

19. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence that the claims of Class Plaintiffs lacked merit in any proceeding against anyone other than Defendants in any court, administrative agency or other tribunal.

20.  In the event that the Agreement is terminated in accordance with its provisions, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Class Plaintiffs, Defendants and the Class Members.

21.  No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Defendants will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b).  Thereafter, Defendants will serve any supplemental CAFA Notice as appropriate.

ENTERED this 16 day June of 2014.

_____
Hon. Andrew L. Carter, Jr.