UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *IN RE* NYC BUS TOUR ANTITRUST LITIGATION | Master Case File No. 13-CV-0711 (ALC)(GWG)<br>**RELATED TO ALL CASES**<br>**ECF Case**<br>**JURY TRIAL DEMANDED** |

**[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING**
*IN RE NYC BUS TOUR ANTITRUST LITIGATION* **CLASS ACTION SETTLEMENT**

WHEREAS, Class Plaintiffs Natasha Bhandari and Tracey L. Nobel ("Class Plaintiffs," or "Plaintiffs"), individually and on behalf of the Class of purchasers in this action (the "Settlement Class," or "Class"), entered into an agreement (the "Settlement") with defendants Twin America, LLC, Coach USA, Inc., International Bus Services, Inc., CitySights LLC and City Sights Twin, LLC ("Defendants").

WHEREAS, On June 16, 2014 the Court entered its Order granting preliminary approval of the proposed settlement ("Preliminary Approval Order") (Dkt. # 107). Among other things, the Preliminary Approval Order authorized Class Plaintiffs to disseminate notice of the Settlement, the fairness hearing, and related matters to the Class. Notice was provided to the Class pursuant to the Preliminary Approval Order and the Court held a fairness hearing on October 20, 2014 at 10 a.m.

Having considered Class Plaintiffs' Motion for final approval of the Settlement, oral argument presented at the fairness hearing, and the complete records and files in this matter,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement, Exhibit 1 to the Declaration of William Christopher Carmody in Support of Preliminary Approval of Settlement (Docket # 104) (the "Settlement Agreement").

2. The Preliminary Approval Order outlined the form and manner by which the Class Plaintiffs would provide the Class with notice of the Settlement, the fairness hearing, and related matters. Proof that mailing and publication complied with the Preliminary Approval Order has been filed with the Court. This Notice given to Class Members complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provided due and adequate notice to the Class.

3. The Court approves, as to form and content, the initial Class Action Fairness Act ("CAFA") Notice that was served within 10 days after the filing of the Motion for Preliminary Approval of the Settlement and the supplemental CAFA Notice that was served thereafter (an example of each Notice is attached as **Exhibit 1**). The Court finds that the Attorney General of the United States and the state attorneys general have received notice of the Settlement Agreement in accordance with the terms of CAFA, 28 U.S.C. § 1715(b).

4. The Settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5. In the Preliminary Approval Order, pursuant to Federal Rule of Civil Procedure 23 and in light of the proposed Settlement, the Court certified the following class for settlement purposes (the "Settlement Class"):

> All persons who, or entities that, purchased Defendants' "hop-on, hop-off" bus tours in New York City from February 1, 2009, until the date of the Preliminary Approval Order (the "Class Period"). Excluded from the Class are Defendants, their present and former parents, subsidiaries, affiliates, and employees.

6. The Settlement is fully and finally approved because its terms are fair, reasonable and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Court directs its consummation pursuant to its terms and conditions.

7. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the Settlement, and the result achieved.

8. Judy Tong, the only individual to timely and validly request exclusion from the Class, is excluded. Ms. Tong not included in or bound by this Order and Final Judgment, and is not entitled to any recovery from the settlement proceeds obtained through this Settlement.

9. The Action is dismissed with prejudice as to Defendants and, except as provided in § 15 of the Settlement Agreement, without costs to either party.

10. This Order and Final Judgment shall operate as a complete bar order that discharges and releases the Released Claims by the Releasors as to all the Releasees.

11. The institution and prosecution, by Class Plaintiffs and any Class Member, either directly, individually, representatively, derivatively or in any other capacity, by whatever means, of any other action against the Releasees in any court, or in any agency or other authority or arbitral or other forum wherever located, asserting any of the Released Claims is permanently barred, enjoined and restrained.

12. The Court reserves continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration and enforcement of the Settlement Agreement.

13. There is no just reason for delay and directing entry of a Final Judgment as to Defendants.

14.     The Escrow Account established by Class Plaintiffs and Defendants, and into which Defendants deposited a total of nineteen million dollars ($19,000,000) as the Gross Settlment Fund, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

15.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

16.     Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Settlement Agreement; (c) any application for attorneys' fees and reimbursement made by Plaintiffs' Counsel; (d) any application for notice and administration costs, taxes and tax expenses fees; (e) any application for service awards for the Class Plaintiffs; and (f) the distribution of the settlement proceeds to the Class Members.

ENTERED this ____ day _____ of 2014.


_____
Hon. Andrew L. Carter, Jr.