# EXHIBIT 1

**COVINGTON & BURLING LLP**

BEIJING  BRUSSELS  LONDON  NEW YORK
SAN DIEGO  SAN FRANCISCO  SEOUL
SHANGHAI  SILICON VALLEY  WASHINGTON

THOMAS O. BARNETT
1201 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC 20004-2401
T 202.662.5407
tbarnett@cov.com

May 29, 2014

**VIA FEDERAL EXPRESS**

Attorney General Eric H. Holder
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

Re:   **Notice of Proposed Settlement Pursuant to 28 U.S.C. § 1715**
      ***In re NYC Bus Tour Antitrust Litigation,*** **Case No. 13-CV-0711 (ALC)(GWG)**
      **United States District Court for the Southern District of New York**

Dear Attorney General Holder:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Defendants Coach USA, Inc. and International Bus Services, Inc. (collectively "Coach USA"), CitySights LLC and City Sights Twin, LLC (collectively "CitySights") and Twin America, LLC  provide notice of the parties' proposed settlement in the above-titled action.

## BACKGROUND

Defendants provide various transportation services, including sightseeing tours, in New York City.  In March 2009, Coach USA, Inc. and CitySights formed a joint venture called Twin America.  Twin America provides hop-on, hop-off bus tours in New York City. In 2013, a class action suit was filed in federal court in the Southern District of New York on behalf of a class of individuals who purchased hop-on, hop-off bus tours from Twin America.

Plaintiffs allege that Defendants violated federal and state antitrust laws by limiting competition and conspiring to fix prices in the alleged market for hop-on, hop-off bus tours in New York City.  Defendants have denied, and continue to deny, each and every claim and allegation of wrongdoing in this lawsuit and have asserted a number of defenses to Plaintiffs' claims.  Nevertheless, Defendants have concluded that further litigation will likely be protracted and expensive and have therefore agreed to settle Plaintiffs' claims pursuant to the terms of the enclosed Settlement Agreement.

COVINGTON & BURLING LLP

May 29, 2014
Page 2

On May 20, 2014, Plaintiffs filed a motion with the Court seeking preliminary approval of a proposed settlement with Defendants. The motion included a copy of the parties' written settlement agreement, together with various related documents. Plaintiffs' filing triggered the notice provisions of 28 U.S.C. § 1715.

A copy of this Notice is concurrently provided to the Attorneys General of every state, as well as the Department of Justice's Antitrust Division.

## COMPLIANCE WITH 28 U.S.C. § 1715

Each of the requirements of notice pursuant to 28 U.S.C. §§ 1715(b)(1)-(8) are addressed below. All referenced exhibits are provided electronically as PDF files on the enclosed CD.

1. *Complaints and Related Materials* (28 U.S.C. § 1715(b)(1))

Enclosed as Exhibit 1 (Ex. 1.pdf) is a copy of the Class Action Complaint in *Bhandari v. Twin America, LLC, et al.*, Case No. 13-CV-00711(ALC)(GWG) filed in the Southern District of New York. Enclosed as Exhibit 2 (Ex. 2.pdf) is a copy of the First Amended Class Action Complaint in *Bhandari v. Twin America, LLC, et al.*, Case No. 13-CV-00711(ALC)(GWG). Enclosed as Exhibit 3 (Ex. 3.pdf) is a copy of the Consolidated Class Action Complaint in *In re NYC Bus Tour Antitrust Litigation,* Case No. 13-CV-00711(ALC)(GWG). Enclosed as Exhibit 4 (Ex. 4.pdf) is a copy of the First Amended Consolidated Class Action Complaint in *In re NYC Bus Tour Antitrust Litigation*, Case No. 13-CV-0711 (ALC)(GWG).

2. *Notice of Any Scheduled Judicial Hearing* (28 U.S.C. § 1715(b)(2))

A hearing has not been held or scheduled on Plaintiffs' motion for preliminary approval.

The Court also has not scheduled a hearing on final approval of the settlement. However, given CAFA's 90-day rule from the date of this notice, the hearing on final approval cannot occur until August 28, 2014 at the earliest. The final approval hearing will be held at the United States District Court for the Southern District of New York, United States Courthouse, 40 Foley Square, New York, New York 10007.

3. *Proposed Notification to Class Members* (28 U.S.C. § 1715(b)(3))

A Notice Plan and a copy of the proposed notice to class members advising them of the proposed settlement and their right to request exclusion from the class has been filed with the Court as part of Plaintiffs' Motion for Preliminary Approval. *See* Ex. 5, Decl. of Shannon R. Wheatman, Ph.D. in Support of Motion for Preliminary Approval of Class

COVINGTON & BURLING LLP

May 29, 2014
Page 3

Action Settlement Re: Adequacy of Notice Program and Exhibits (Ex. 5.pdf). The Court has not yet ruled on that motion.

4. *Proposed Class Action Settlement Agreement* (28 U.S.C. § 1715(b)(4))

A copy of the executed Settlement Agreement between Plaintiffs and Defendants, including all exhibits, is enclosed as Exhibit 6 (Ex. 6.pdf).

5. *Any Settlement or Other Agreement* (28 U.S.C. § 1715(b)(5))

No agreement has been made between class and Defendants' counsel other than the Settlement Agreement made by counsel on behalf of their respective clients. *See* Ex. 6.

6. *Final Judgment* (28 U.S.C. § 1715(b)(6))

There has been no final judgment or notice of dismissal entered by the Court. Nor have the parties filed with the Court a proposed Final Approval Order.

7. *Estimate of Class Members in Each State* (28 U.S.C. § 1715(b)(7)(B))

It is not feasible for Defendants to identify the names of all class members in each state or to determine precisely the proportionate share of the claims of class members for each state. A primary obstacle to determining this information is that Defendants do not maintain data in a way that permits Defendants to readily and precisely identify someone as a class member or to identify the residence of every purchaser of Defendants' hop-on, hop-off bus tours, especially given that many such ticket sales occur through street sellers, including at times through cash transactions. While Defendants have identified addresses for certain customers who purchased their tickets through Defendants' website, these purchasers amount to only a small proportion of the entire settlement class, *i.e.*, approximately 10%.

Plaintiffs have estimated that the class contains at least 3.9 million class members. After reasonable inquiry, Defendants believe that within the group of settlement class members for whom Defendants have identified addresses, it appears that approximately ten percent of those individuals reside in New York. The remaining individuals reside in foreign countries around the world, as well as other states within the United States, with each state appearing to represent approximately 0.1% to 6% of the approximately 10% of settlement class members for whom Defendants have identified addresses.

COVINGTON & BURLING LLP

May 29, 2014
Page 4

    8.    *Judicial Opinions Related to the Settlement* (28 U.S.C. § 1715(b)(8))

At present there are no judicial opinions related to the Settlement.

*****

If you have any questions about this notice, the lawsuits or the enclosed materials, or if you have any difficulties accessing any materials electronically, please feel free to contact the undersigned counsel.

Sincerely,

*[signature]*

Thomas O. Barnett
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC  20004-2401
Telephone: 202-662-5407
Facsimile: 202-662-6291

cc:    The Attorney General of each of the United States, the District of Columbia, and Puerto Rico and the Assistant Attorney General in charge of the Antitrust Division of the Department of Justice (addresses on Exhibit 7 hereto)